# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GEORGE POOLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:05-CV-516-DDN ) |
| MARY CATHERINE MORAN, | ) ) |
| Defendant. | ) |

## OPINION, ORDER AND MEMORANDUM

This matter is before the Court upon the application of plaintiff George Poole for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the

complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff seeks monetary relief and expungement of his conviction for trespassing pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendant's malicious and damaging conduct violated his constitutional rights and resulted in his being incarcerated for six months and losing a potential job. He is suing defendant in her individual capacity.

Plaintiff states that he is a bond commissioner and that he was lawfully in the Carnahan Courthouse, a public building. He states that defendant accused him of stopping people in the courthouse and asking for money to post bonds for defendants confined in jail. Plaintiff states that, as a result of defendant's conduct, he was tried on a charge of trespassing first degree. According to plaintiff, at the trial, defendant made false and injurious statements regarding defendant which caused him to be found guilty and sentenced to six months' confinement.

**Discussion**

Plaintiff's complaint fails to state a claim as he has failed to allege any facts that the defendant violated his federally protected rights. With the exception of plaintiff's assertions that defendant accused him of trespassing and made false statements in court, he has alleged no facts as to the defendant. Even those specific allegations fail to state a claim cognizable under § 1983. Plaintiff does not allege how this defendant's actions violated federally protected rights or why the issues raised herein could not have been addressed in his state court proceedings. It is not the duty

of the Court to supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. *See Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] be **GRANTED**. *See* 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 14th day of July, 2005.

_____
**UNITED STATES DISTRICT JUDGE**